We'll continue with our fourth case of the morning, Appeal No. 21-2416, Ray Crowell v. Mark Sevier. Mr. Bannon, good morning. Good morning, Your Honors. I may please the Court. Patrick Bannon on behalf of Petitioner Appellant Ray O'Crowell, Jr. I believe I requested three minutes for rebuttal, if that's appropriate. Thank you, Your Honors. It is undisputed that Mr. Crowell's counsel performed efficiently in failing to notify him that one of the three charges to which he pled guilty, and nearly half of the 13 charges against him, were time-barred. This was prejudicial because, if Crowell had been properly advised, he would have gone to trial instead of pleading guilty to the time-barred charge. The state courts applied the Supreme Court decisions in Strickland unreasonably when they denied his PCR petition, and this Court should reverse. The Supreme Court requires that a defendant show a reasonable probability that he would have gone to trial, and Mr. Crowell has made such a showing. In his prior, excuse me, prior to accepting his plea deal, just a few days before trial, he told the Court that he was not pleading, and he only accepted his plea deal after his motion to terminate. Is there a way for us to kind of move forward and just look at that second step? What prejudice? Absolutely. So, the prejudice here was that if Mr. Crowell had been properly advised of the time-barred charges, that he would have gone to trial, and he would not have pled guilty to a time-barred charge against him. It was the reason he filed his request for relief in each of his subsequent submissions, both in his appeal to the... The Court is clear, right? That saying that I would have gone to trial anyway, that's not enough. Yes. He has to show a reasonable probability that he would have gone to trial, and I think in this... Mr. Bannon, focusing on Judge Pryor's question, you, and I'm picking up, you make this statement a few different times in your brief. You're very clear about it, that regardless of his chance of acquittal and potential sentence he may face, Crowell insisted he would have gone to trial. I'm looking at your reply brief. Yes. On what rationale? Just articulate the rationale, because it is a subject of inquiry, right? The record doesn't tell us, but what could conceivably be the rationale of a choice to go to trial? So, Mr. Crowell always intended to go to trial on these charges, even prior to knowing that the time-barred charges, the issue of the time-barred charges, and his decision to plead guilty was not based on the fact that he did not want to go to trial initially, but the fact that his trial counsel, his motion to terminate his trial counsel was not granted by the Court. Then, as he stated, he feared going to trial with his trial counsel. He explained in his PCR petition and in his other filings that he did not believe that his trial counsel was preparing an adequate defense, and he also believed that his trial counsel had been lying to him about who was prepared to testify on behalf of the prosecution, and he believed his trial counsel was doing that because his, in order to, excuse me, in order to induce him into taking the plea deal, and he feared going to trial on those charges. He filed his PCR petition for post-conviction relief, seeking to go to trial on those charges after he was made aware of the fact that the time-barred charges, or excuse me, that six of the thirteen charges were time-barred, and that one of the was time-barred as well. Let me, let me say the question differently. When I, if he goes to trial, he's going to trial on four Class A felonies. Yes. None of them are time-barred. No, they are not. Right, and we know from what transpired at sentencing, do we not, that the victim of the criminal conduct was available to testify. In fact, she did testify at sentencing, and what's, what's very difficult for me on the prejudice prong, not on prong one, is on what conceivable rationale with the victim in, in this subject matter, with this offense conduct, testifying against you, do you even subjectively determine that you want to proceed to trial on four Class A felonies? Yes, Mr. Crowell was aware that the, that the remaining felonies, the non-time-barred felonies, carry a potential sentence of up to 220 years, that there are four Class A felonies that are non-time-barred out of the seven remaining time-barred, non-time-barred charges, but he still wishes, he wished at the time, and still wishes now, five years later, to proceed to trial on those charges, to vindicate himself of the charges against him, knowing full well. It's rational from going to trial. If you're moving from 210 years to 110 years, and you were a plea agreement for a good time credit of 12. Yes, while the plea agreement was substantially less than the maximum he faced, his, his, his preference is still to go to trial. His express, his preference that he expressed, even prior to accepting the plea deal, was to go to trial on the charges. The plea deal, in fact, was not changed after his motion to terminate his counsel was denied. He, he only accepted the plea deal prior to that motion being denied because of the fact that he did not want to go to trial with his counsel, not because he suddenly got a more favorable plea deal that he thought was more agreeable. He wanted to go to trial initially on all the charges against him. He still wishes to go to trial on the six remaining, or excuse me, the seven remaining non-time-barred charges, despite the fact that it carries a long sentence. And as the Supreme Court and this court has said previously, the likelihood of success at trial is, is something that can be considered, but it is not the determinative issue. If a defendant has demonstrated a preference, expressed his or her preference to proceed to trial on the charges against. Does the level of rationality of the decision affect our evaluation of how sincere he is in this expression? And I take your point that it's a subjective test. Well, I, I think the, um, that Mr. Crowell's, um, preference, uh, you know, it can be viewed in, in the context of the whole case, uh, and the, um, the case history in terms of the fact that he initially requested, um, PCR relief. It's now five years later. He still wishes to face, um, trial on the remaining charges. He actually has only less than four years remaining on the plea deal. Understanding that still wishes to face the charges. I understand that the question is that doesn't seem objectively reasonable. Um, at least if, if he's highly likely to be convicted, would you agree that if, um, if he were to go to trial and were convicted, the sentencing judge would be free to consider the entire course of conduct, including allegations that would be barred by the statute of limitations and uncharged conduct? Uh, yes, I, I don't have, um, a full defense of Mr. Crowell, uh, prepared in my position to make a trial defense, but, um, I do understand that at that point. Okay. Mr. Mann, you wish to reserve the remainder of your time? Yes. Okay. Very well. John, good morning. May I please the court? The state court reasonably determined that Crowell did not prove prejudice. He could have gone to prison for the rest of his life, but accepted a plea agreement that called for 24 years in prison. He did not present evidence to show that his counsel's deficient performance made his decision to plead guilty irrational. Like the petitioner in Hill, he did not allege special circumstances to make the court think he would have gone to trial. And like the petitioner in Moore, his decision to plead guilty would have been rational, even if his counsel would have performed differently. The prejudice standard is subjective, so Crowell could have explained in his post-conviction affidavit why he would have gone to trial. He did not do so. He only alleged that he had learned about the statute of limitations later and that that made his plea illusory, but he never alleged that he would have rejected the plea agreement and then gone to trial, which he was required to do under Hill. The only evidence that the state court had to look at was Crowell's post-conviction affidavit and the pre-trial hearing that happened four days before Crowell pleaded guilty. And that hearing doesn't tell us anything about what Crowell would have done had his counsel performed differently. At that hearing, Crowell was upset with his counsel because he believed he was misrepresenting what Crowell's family had said to the state. We don't know what happened between those four days when he said he wasn't pleading guilty, and then he did. Maybe he spoke with his family. Maybe he learned that the state's case was actually stronger than he believed. We don't know, and the reason we don't know is because Crowell did not explain that in his affidavit. When this court reviews the state court's decision, it puts itself in the same position as the state court, meaning that the only record available to this court is the record that was available to the state court. And none of Crowell's proceedings after pleading guilty, after the sentencing hearing, were before the state court. His brief in state court wasn't before the post-conviction court. His habeas petition certainly wasn't before the post-conviction court, so anything that he has said later is irrelevant to the determination here.  The state court was left to ask, what would a reasonable person do in this situation? So the court reasonably determined that Crowell's decision was objectively rational. Even without the time-barred charges, Crowell still faced 220 years in prison, and right now he's projected to be released from prison four years from Wednesday. So it was an objectively rational decision to plead guilty, even had he known that six of the charges were that. When the court refers to contemporaneous evidence in Lee, what it's talking about is evidence at the time of the guilty plea hearing. So Lee is a blueprint for petitioners to raise a successful claim like this. In Lee, both the petitioner and his attorney testified that he would have gone to trial, had his attorney told him that pleading guilty would make him deportable. I mean, in Lee, you have record evidence all along that the immigration consequences of a petition are not quite material at all points in time. Being removed from the United States here, you have Mr. Crowell, who says he wants to go, would have gone to trial. So he lodges the conclusion, but at no point can I see how he ever connects it in any rational way to the time-barred charges. That's correct. He connects it to dissatisfaction with his lawyer on other fronts, and that's why I, in my comment, the question I asked Mr. Bannon, I keep coming back to, how can you articulate a rationale for choosing to go to trial on all four of the Class A felonies? Forget everything else. None of them were time-barred, and we know the victim was available to testify. That's correct. Yes, and because it's so difficult to even think of what the special circumstances would be in this case, it makes the question of what would an objectively rational person do even more salient. It makes the state court's decision that much more reasonable. Crowell? Can I ask you to address a case that was cited by a petitioner but not addressed in your brief, and that's Pidgeon against Smith. I don't know if you focused on that or remember it or thought it was irrelevant. I know I read it, and I probably thought it was relevant because I didn't put it in my notes, but I'd be happy to try. It happens to all of you. It's a similar sort of second thoughts about a plea based on what we will assume was ineffective advice, and our court's opinion affirmed a grant of habeas relief in essence on the theory that even if it wouldn't have made that much sense for him to go to trial, that was his choice. He could have done it, and I guess my question is, at one level, that sounds like a credibility question, and my question about the rationality or irrationality of a choice would seem more relevant in a hearing rather than in deciding this on the papers. I'd like to address that. Your Honor, if I remember correctly, was Pidgeon about whether the petitioner was entitled to an evidentiary hearing? Yes. At which case, the court wasn't directly addressing the merits of the claim. So, I think what the court said is at this stage, what the petitioner has alleged is enough to get an evidentiary hearing? I think the question was whether they could go forward in the hearing without the lawyer, and relief was granted without the lawyer having been present, and we affirmed that. Okay. Okay. Yes, but my problem here, I guess, is the extent to which we ought to decide the prejudice question definitively now or whether he's entitled to a hearing. He wouldn't be, and of course, he would have to overcome the 2254E2 hurdle for a hearing, which he certainly can't do. He had an opportunity to present this evidence in the state court, and he didn't do so. Unless this court has any more questions, I'm happy to rest on my brief. Okay. Very well, Mr. Drum. Thank you. And you had a couple minutes left. Thank you, Your Honors. I can be brief. I'm happy to answer any questions, obviously. I just have really two points that I'd like to make. The first is to address Judge Hamilton's reference to Pigeon v. Smith. I'd also like to point to the DiPartolo case, which also was not addressed by Appelli in the brief. And in that case, the court recognized that the defendant, quote, wanted to roll the dice at trial, recognizing that his chances of success were very low, similar to Lee. And the court said, DiPartolo unquestionably wants to roll the dice, which is strong evidence that he would have chosen to roll the dice four years ago, had he known about the deportation threat. He faces the same risk of conviction and longing sentence now that he did then. And I think the case here is very similar, even though Mr. Crow recognizes the long sentence that he faces, and it might seem objectively unreasonable to go to trial, given the fact that the record contains the evidence that might be presented against him, that he still has expressed his preference to proceed to trial. And the second point is just the point that he never clearly, explicitly stated his desire to go to trial in his pro se PCR petition. I think this court recognized, or this panel, excuse me, recognized earlier, this was a pro se petition. And as this court has pointed to in other contexts, the clear import of filing this petition was to go to trial. He made that explicitly clear on appeal, and the Court of Appeals recognized that, that the process and the act of filing that petition was to request to go to trial on those charges, even though he didn't make it explicitly without the benefit of counsel and proceeding pro se. If the panel has no other questions, I'll conclude. Thank you. Thank you. Mr. Bannon, the court knows you accepted this case on appointment to represent Mr. Crow. We very much appreciate your service to him and to the court, and we thank your law firm as well. Thank you, Your Honor. Mr. Drum, thanks to you for your work. We'll take the case under advisement.